# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| JON MICHAEL BLAKE AND <br> KEITH BLAKE <br><br> v. <br><br> GE MONEY BANK | § <br> § <br> §   SA-10-CV-860-XR <br> § <br> § <br> § |

## ORDER

On this day came on to be considered Defendants' motion to dismiss (doc. no. 3), Plaintiffs' motion to remand (doc. no. 6), and GE Bank's motion to dismiss (doc. no. 16).

## Background

Plaintiffs initially filed this lawsuit against GE Bank and Charlene Porter (a Senior Customer Relationship Representative) in the 38th Judicial District Court of Medina County, Texas, alleging that they entered into a loan agreement for $123,173.16 with GE Bank on July 24, 2008 to purchase a horse trailer. Plaintiffs allege that they provided GE Bank a power of attorney at that time so it could "ensure property security interest perfection." The dealer, Southwestern Conversions, prepared a lien and application for title; however the dealer never applied for the title or license plates. In November 2008, Plaintiffs allege that they were advised that title had not been properly secured and, upon being advised of this fact, they spoke with a representative of GE Bank, who allegedly

informed them that they were working with the dealer to resolve the matter and to disregard any notice.

Plaintiffs made timely payments pursuant to the loan agreement and were in possession of the horse trailer until March 2009, when they decided to sell the horse trailer through the original dealer. In July 2009, the horse trailer was sold to another person for $60,000. The dealer failed to forward the $60,000 to either the Plaintiffs or GE Bank, and accordingly GE Bank did not credit their loan with this amount. Plaintiffs allege that GE Bank failed to properly secure title and lien to protect Plaintiffs and GE Bank. The original dealer has since filed for bankruptcy and allegedly GE Bank has filed as a creditor in that proceeding.

In the original petition, Plaintiffs claim GE Bank violated the Texas Fair Debt Collection Act, Tex. Finance Code § 392, and the Texas Deceptive Trade Practices Act §§ 17.44 -17.50(h). They also asserted claims of negligent misrepresentation, breach of contract, conversion, and fraud. Although named as a Defendant, no specific allegations were made against Ms. Porter. In the original petition, Plaintiffs claimed that GE Bank was seeking "to collect the balance remaining under the contract...." Plaintiffs also sought damages "to their credit rating," damages caused by the original dealer, the "value of the trailer secreted away," attorney's fees, and damages for mental anguish. Defendants removed the case, alleging diversity jurisdiction.

On November 1, 2010, the Defendants filed a motion to dismiss, arguing that the Plaintiffs failed to state a claim pursuant to *Twombly* and *Iqbal*.

On November 19, 2010, Plaintiffs filed an amended complaint and deleted

2

all claims against Ms. Porter, added additional facts, and deleted their "holder in due course" claim. In addition, each Plaintiff attached an affidavit stating: "The damages that I seek in this matter do not exceed $74,000." Plaintiffs also filed a motion for remand arguing that the amount in controversy had not been established. In these affidavits, each Plaintiff argues that he is seeking "one half of the payments made on the trailer in the amount of $18,506.98, mental anguish in the amount of $7,500, attorneys fees at the time of filing suit of $1,750.00, and another $7,500.00 for other miscellaneous damages. All total his damages claim is only 35,256.98."

## Analysis

A. Motion for Remand

Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ... " 28 U.S.C. §1332(a).[1]

The removing party bears the burden of showing that subject matter jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts are construed

---

[1] The amount is determined at the time of filing the notice of removal, based on the then-existing state court petition, exclusive of interest and costs. 28 U.S.C. § 1332; *see also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003); *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If, from the face of the complaint, the court determines that the amount in controversy is likely to exceed the jurisdictional amount, the court may exercise federal jurisdiction. *See, e.g., Manguno*, 276 F.3d at 723. Courts consider the types of claims, in addition to the damages alleged, to establish whether it is facially apparent that claimed damages exceed $75,000. *See, e.g., Sorenson v. Ashmore*, 4 F.Supp.2d 669, 670 (E.D. Tex. 1998). If a state statute provides for attorneys' fees, they are included in the amount in controversy. *Manguno*, 276 F.3d at 723 (internal citations omitted).

against removal because the removal statute is strictly construed in favor of remand. *Id.*

Despite Plaintiffs' argument that they are only seeking less than $75,000, they claimed in their original petition damages of $60,000 for loss of the trailer, by asserting a claim against GE Bank for conversion of the trailer. They also pled for return of payments made under the loan agreement of $37,013.96, mental anguish damages of $15,000 ($7,500 per plaintiff), attorney's fees and "all remedies provided" by the Texas DTPA (which include treble damages). The Fifth Circuit has noted that treble damages under the DTPA may be included in the amount in controversy threshold. *See Knowles Pub. v. Am. Motorists Ins. Co.*, 248 F.3d 1139 (5th Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The amount in controversy has been established and Plaintiffs' motion for remand is denied.

B.   Motion to Dismiss (doc. no. 3)

This motion was filed prior to the filing of the amended complaint. In addition, Defendant has now since filed a second motion to dismiss. The original motion to dismiss (doc. no. 3) is dismissed as moot.

C.   Second Motion to Dismiss (doc. no. 16)

Defendant argues that pursuant to the loan agreement, Plaintiffs granted GE Bank a purchase money security interest in the trailer. It further argues that it had no contractual obligation to perfect a security interest. Defendant argues that Plaintiffs have failed to state a breach of contract claim because any failure to perfect a security interest was not an obligation of the contract. It

4

further seeks dismissal of the DTPA claims arguing that Plaintiffs have failed to allege any false, misleading, or deceptive acts. Finally, Defendant seeks dismissal of the Texas Fair Debt Collection Act claims, arguing that collection of a debt does not amount to a violation of that Act.[2]

No party has provided the Court a legible copy of the loan agreement at issue. Accordingly, the Court is unable to establish that GE Bank's position is correct that it had no contractual obligations to perfect any security interest.

With regard to the DTPA and Texas Fair Debt Collection Act claims, Plaintiffs allege and pled that sometime after they signed the loan agreement, they were advised by a GE Bank representative that title had not been properly secured. Plaintiffs allege and pled that upon being advised of this fact they spoke with a representative of GE Bank who allegedly informed them that they were working with the dealer to resolve the matter and to disregard any notice. Plaintiffs argue and pled that in reliance of this fact and believing the issue was resolved, they placed the trailer for sale and expected that the proceeds would be paid to GE Bank and credited to their loan. In addition, Plaintiffs argue and pled that GE Bank has undertaken collection actions and taken actions that have adversely affected their credit ratings based upon the $60,000 dispute. Plaintiffs allege and pled that GE Bank's misrepresentation about the status of title to the trailer are sufficient to raise claims under the DTPA and the subsequent collection efforts are sufficient to state a claim under the Texas Fair

---

[2] Plaintiffs have deleted their remaining state law claims.

Debt Collection Act. Defendant's *Twombly* motion is denied. Plaintiffs' claims are sufficient to state a claim for relief.

      D.      Defendant's motion to strike Plaintiffs' Second Amended Complaint

On January 31, 2011, Plaintiffs filed a second amended complaint. In GE Bank's reply of February 7, 2011 (doc. no. 22), GE Bank seeks to strike the second amended complaint as being filed without leave of court. In response (doc. no. 23), Plaintiffs argue that since Defendant has not yet filed an answer, they should be able to amend their complaint without leave. In the alternative, Plaintiffs seek leave to file. Leave to file is granted and Defendant's motion to strike is denied.

**Conclusion**

Defendants' motion to dismiss (doc. no. 3) is dismissed as moot. Plaintiffs' motion to remand (doc. no. 6) is denied. GE Bank's motion to dismiss (doc. 16) is denied. GE Bank's motion to strike (doc. no. 22) is denied. Plaintiff's motion for leave to file their second amended complaint (doc. no. 23) is granted. Defendant is ordered to file an answer to Plaintiffs' Second Amended Complaint within 14 days of this Order. The Clerk is instructed to remove Ms. Porter as a Defendant inasmuch as no claims remain against her.

It is so ORDERED.

SIGNED this 2nd day of March, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE